LEAHY v. WENONAH THEATRE CO.

APPEAL AND ERROR—VERDICT OF JURY ON DISPUTED QUESTIONS OF FACT CONCLUSIVE.
  Where case was properly submitted to jury, its verdict on disputed questions of fact is conclusive.

Error to Bay; Houghton (Samuel G.), J. Submitted June 4, 1930. (Docket No. 27, Calendar No. 34,872.) Decided October 3, 1930.

Case by Richard P. Leahy against Wenonah Theatre Company, a corporation, and others, for violation of terms of a lease and conversion of personalty. From verdict and judgment for defendant Wenonah Theatre Company, plaintiff brings error. Affirmed.

*Kinnane & Leibrand,* for plaintiff.

*Edmund C. Shields,* for defendant.

POTTER, J.   Plaintiff sued Wenonah Theatre Company, a corporation, Famous Players Lasky Corporation, and W. S. Butterfield Theatres, Inc., defendants, to recover damages alleged to have been suffered by reason of defendant's violation of a lease of the Wenonah Theatre and Washington Strand Theatre in Bay City owned by plaintiff. Subsequently plaintiff's declaration was amended to claim damages in the sum of $20,000; and to charge the conversion of personal property. Later plaintiff discontinued as to Famous Players Lasky Corporation and W. S. Butterfield Theatres, Inc., so Wenonah Theatre Company, a corporation, was, at the time of the trial, sole defendant. Plaintiff owned the Wenonah Theatre and the Washington Strand Theatre in Bay City. In the bill of particulars filed he claimed damages for repainting, repapering, redecorating, and repairing these theatres, for several items of personal property claimed to have belonged to plaintiff and received by defendant and not accounted for, and for the loss of use of both theatres during the time they were being repaired. Upon the trial the jury rendered a verdict for defendant, and plaintiff brings error.

We think the verdict reached was correct. The personal property claimed by plaintiff to have been converted by defendant was accounted for. It had not been converted by defendant to its use. It still belonged to plaintiff.

The lease of the premises contained a covenant:

"That said party of the second part will, at its own expense, during the continuance of this lease,

keep the said premises and every part thereof in as good repair, and at the expiration of the term, yield and deliver up the same in like condition as when taken, reasonable use and wear thereof and damage by the elements excepted.''

In *Van Wormer* v. *Crane,* 51 Mich. 363 (47 Am. Rep. 582), it is said:

" 'Damages by the elements' must be conceded to be a somewhat uncertain expression. Strictly speaking, the elements are the ultimate, undecomposable parts which unite to form anything; as the gases which form air and water are the elements respectively of those substances. But the term is used in many other senses, and the definitions of lexicographers would be of little service to us in this case.

"Anciently it was supposed there were four elements of material things—earth, air, fire, and water; and when it came to be known that this classification had no scientific basis, the term had found a place in common speech which it still retains. Injuries to buildings by wind, rain, frosts and heat are spoken of as injuries by the elements, and all the ordinary decay from natural causes is classed in the same category. Probably no one would make any question respecting this.''

All the damages to the building occasioning the repainting, repapering, redecorating, and repairing were found by the jury to be damages by the elements.

The case was submitted to the jury on a fair charge. The disputed questions in the case were questions of fact. On them the verdict of the jury is conclusive. We find no reversible error.

Judgment is affirmed, with costs.

Wiest, C. J., and Butzel, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.